**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
MAR 23 2021
JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

**GERRY CALVIN**                                                        **PLAINTIFF**

**V.**                                   NO. *4:21cv224-LPR*

**JOHN RANDALL, Individually and in his Official**
**Capacity as Chief of Police of the City of Menifee;**
**GARY GREEN, in his Official Capacity as Mayor**
**of the City of Menifee; TERRY COLEMAN,**
**Individually and in his Official Capacity;**
**RITA DAVIS, Individually and in her Official Capacity;**
**DERRICK HAMMOND, Individually and in his**
**Official Capacity; RONNIE WILLIAMS, Individually;**
**and THE CITY OF MENIFEE**

This case assigned to District Judge _Rudofsky_
and to Magistrate Judge _Deere_

                                                              **DEFENDANTS**

## NOTICE OF REMOVAL

Come the Separate Defendants, Gary Green, Terry Coleman, Rita Davis, and Derrick Hammond, in their official capacities, and the City of Menifee, Arkansas, by and through undersigned counsel, and for their Notice of Removal, state:

1.      Plaintiff filed his Complaint on January 29, 2021, in the Circuit Court of Conway County, Arkansas, Case No. 15CV-21-18.   Defendants named were the John Randall, in his individual and official capacities; Gary Green, in his official capacity; Terry Coleman, in his individual and official capacities; Rita Davis, in her individually and official capacities; Derrick Hammond, in his individual and official capacities; Ronnie Williams, in his individual capacity; and the City of Menifee.

2.      Separate Defendants have filed Answer on March 23, 2021. Separate Defendants have simultaneously filed a Notice of Parties and State Court of Removal with the Circuit Court of Conway County, Arkansas, pursuant to 28 U.S.C. §1446(d).

3.      Plaintiff's Complaint alleges federal claims pursuant to 42 US.C. § 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, as well as violations of the Arkansas Constitution and Arkansas law.

4.      28 U.S.C. §1441(a) allows a defendant to remove civil actions from state to federal court when such actions are within the original jurisdiction of the federal court.  Original federal question jurisdiction is vested in the federal courts under 28 U.S.C. §1331 regarding cases "arising under" the Constitution and laws of the United States, regardless of the amount of controversy. This Court has both original and removal jurisdiction over United States Constitution causes of action.  Plaintiff's Complaint clearly states a claim that arises under the laws of the United States. Thus, original federal jurisdiction is vested pursuant to 28 U.S.C. §1331 and removal is proper under the federal removal statutes.

5.      Venue is proper in this Court.

6.      A true and correct copy of the pleadings served on Defendants are attached hereto as Exhibit "A" and incorporated herein by this reference, these constituting all process, pleadings and orders which have been served on Defendants.  The Answer filed on behalf of Separate Defendants is also attached hereto as Exhibit "B" for the convenience of the Court.

7.      The undersigned counsel for Separate Defendants is authorized to state that all other Defendants to this action consent to removal to this Court pursuant to 28 U.S.C. § 1446(b)(2)(A).

8.    Pursuant to 28 U.S.C. §1446, Separate Defendants hereby give notice of the removal of this action from the Circuit Court of Conway County, Arkansas, to the United States District Court for the Eastern District of Arkansas, Central Division.

**WHEREFORE**, Separate Defendants pray that this action be removed from the Circuit Court of Conway County, Arkansas, to the United States District Court for the Eastern District of Arkansas, Central Division, in accordance with 28 U.S.C. §1331, §1441 and §1446, and for all other just and proper relief to which there is entitlement.

Respectfully submitted,

Gary Green, Terry Coleman, Rita Davis, and Derrick Hammond, in their official capacities, and the City of Menifee, Arkansas
**SEPARATE DEFENDANTS**

BY:    _William C. Mann, III_

William C. Mann, III, AR Bar No. 79199
Attorney for Separate Defendants
P.O. Box 38
North Little Rock, AR 72115
TELEPHONE: 501-978-6131
EMAIL: bmann@arml.org

## CERTIFICATE OF SERVICE

I, William C. Mann, III, hereby certify that on March 23, 2021, that a true and correct copy of the above and foregoing has been served upon the attorney of record as referenced below, via first class mail and e-mail:

Willard Proctor, Jr.
Attorney at Law
2500 South State Street
Little Rock, AR 72206-2162
willard@wpjrlaw.com

David Fuqua
Fuqua Campbell PA
Riviera Tower
3700 Cantrell Road, Suite 205

Little Rock, AR 72202
dfuqua@fc-lawyers.com

William C. Mann, III, AR Bar No. 79199

FILED

2021 JAN 29 AM 11: 11

_____ MASSINGILL
CONWAY COUNTY
CIRCUIT CLERK

BY _____ D.C.

IN THE CIRCUIT COURT OF CONWAY COUNTY, ARKANSAS
CIVIL DIVISION, __2__ DIVISION

GERRY CALVIN                                            PLAINTIFF

VS.                          CASE NO.: 15CU-21-18

JOHN RANDALL, INDIVIDUALLY AND IN HIS
OFFICE CAPACITY AS CHIEF OF POLICE OF
THE CITY OF MENIFEE; GARY GREEN, IN HIS
OFFICIAL CAPACITY AS MAYOR OF THE CITY
OF MENIFEE; TERRY COLEMAN, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY, RITA DAVIS,
INDIVIDUALLY AND IN HER OFFICIAL CAPACITY
DERRICK HAMMOND, INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY AND RONNIE WILLIAMS,
INDIVIDUALLY AND THE CITY OF MENIFEE                   DEFENDANTS

## COMPLAINT

COMES NOW the plaintiff, Gerry Calvin, by and through undersigned counsel, and for his Complaint against the Defendants, hereby alleges and states as follows:

### JURISDICTION AND VENUE

1.    This is an action in tort and for violations of Federal and State Constitutional Rights.  Relief is pursuant to 42 U.S.C. § 1983 and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and the Arkansas Constitution Article II, Section II and the Arkansas Civil Rights Acts, codified at Ark. Code Ann. § 16-123-105, and common law tort of negligence and assault.  Jurisdiction and venue is proper in this Court as the cause of action arose Conway County, Arkansas.



EXHIBIT

A

2.    This is also an action seeking declaratory relief pursuant to Ark. Code Ann. § 16-111-104, part of the Declaratory Judgment Act, and 28 U.S.C.S. § 2201 to declare the rights and other relations between the parties and for damages.

**PARTIES**

3.    The Plaintiff, Gerry Calvin, during all times mentioned, and continuing up to the present date is a citizen of the United States, and was at all times relevant to this Complaint, a resident of the City of Plummer, County of Conway, and State of Arkansas.

4.    At all relevant times, defendant John Randall (hereinafter referred to as "Randall" or "Chief Randall" was the legally constituted Chief of Police of Menifee, Arkansas and functioned in that capacity at all times relevant hereto.

5.    At all relevant times pertinent, Defendant Gary Green was the Mayor of the City of Menifee.

6.    The City of Menifee is a political subdivision of the State of Arkansas under the name of which the individual defendants performed all acts and omissions alleged herein.

7.    At all relevant times pertinent, Defendant Terry Coleman was a Council Member of the City of Menifee.

8.    At all relevant times pertinent, Defendant Rita Davis was a Council Member of the City of Menifee.

9.    At all relevant times pertinent, Defendant Derrick Hammond was a Council Member of the City of Menifee.

10. At all relevant times pertinent, Defendant Ronnie Williams was a Council Member of the City of Menifee.

### FACTUAL ALLEGATIONS

11. At all times and places alleged herein the individual Defendants and each of them, were acting as agents of the Defendant, the City of Menifee.

12. On November 21, 2021 at approximately 8:45 p.m., Gerry Calvin was at home at his property located at 59 Cadron Creek Road, Plummerville, Arkansas.

13. Mr. Calvin was hosting a Sweet Sixteen Birthday party for his cousin. Some of the children at the party noticed and were frightened by an unidentified vehicle lurking around the party.

14. Gerry Calvin looked at his surveillance cameras and noticed a black truck coming through the gates on his property. The vehicle came in front his house. The occupant of the vehicle later identified as Chief John Randall was taking pictures of the house.

15. After seeing two flashes, Mr. Calvin went outside to see what has happening. When he went to the north side of his house, he saw a car. There was an individual getting back inside the car.

16. Mr. Calvin asked the individual what he was doing. Chief Randall got back in his car and drove the car towards Mr. Calvin.

Chief Randall almost hit Mr. Calvin.  Chief Randall then responded,
"Do you want a bullet in your head?" He said this three (3) times.
Chief Randall pulled his gun out so that it was visible.  Without
any probable cause, Chief Randall threatened to take Mr. Calvin to
jail.

17.  Chief Randall was placed on Administrative leave until
January 15, 2021.  Mayor Gary Green recommended that Chief Randall
be terminated.  However, the Defendants, Council Members of the
City of Menifee, voted to reinstate Chief Randall.

### FEDERAL CIVIL RIGHTS VIOLATIONS UNDER 42 USC § 1983, STATE CIVIL RIGHTS VIOLATIONS UNDER THE ARKANSAS CIVIL RIGHTS ACT AND THE ARKANSAS CONSTITUTION

18.  The Plaintiff adopts by reference the allegations
contained in paragraphs 1 through 31 above.

### FEDERAL CLAIMS:  CHIEF JOHN RANDALL

19.  The above recited acts and omissions of Defendants,
while each was acting under color of authority and in their
individual and official capacities, respectively constitute a
deprivation of the Gerry Calvin's substantive due process rights
as guaranteed by the 14th Amendment to the United States
Constitution. Such acts of Defendants while acting within the color
of their authority are sufficient to invoke an action under 42
U.S.C. § 1983 against them for which the Plaintiff seeks damages
as set forth herein above.

4

20.   Defendant John Randall caused harm by engaging in conduct and failing to engage in conduct that included, but was not limited to:

      a.   Threatening to kill Gerry Calvin;

      b.   Putting Gerry Calvin in fear and apprehension that he would be hit by the vehicle Randall was driving;

      c.   Threatening to detain and handcuff Gerry Calvin without probable cause or any bases of arrest;

### STATE CLAIMS:  CHIEF JOHN RANDALL

21.   The above recited acts and omissions of Defendant Chief John Randall, while each was acting under color of authority and in their individual and official capacities, respectively constitute a deprivation of the Gerry Calvin's rights under Ark. Const. Art. 2 § 2  which provides that: "All men are created equally free and independent, and have certain inherent and inalienable rights; amongst which are those of enjoying and defending life and liberty; of acquiring, possessing and protecting property, and reputation; and of pursuing their own happiness" and the Arkansas Civil Rights Act which is codified at Ark. Code Ann. § 16-123-105 which provides that "every person who, under color of any statute, ordinance, regulation, custom, or usage of this state or any of its political subdivisions subjects, or causes to be subjected, any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities

secured by the Arkansas Constitution shall be liable to the party injured in an action in circuit court for legal and equitable relief or other proper redress."

22. The Defendant Randall, knew, or ought to have known, in the light of the surrounding circumstances, that his conduct would naturally or probably result in injury and continued such conduct in the reckless disregard of the consequences from which malice can be inferred.   The Defendant, Randall was consciously indifferent to the consequences of his actions and he recklessly disregarded those same consequences.   This was evident by the following:

a.   The Defendant knew or should have known that Mr. Calvin had a right to be free from the use of excessive force;

b.   The Defendants knew or should have known that a right to the quiet use and enjoyment of his property.

## SUPERVISORY CLAIMS:  MAYOR GARY GREEN AND MENIFEE COUNCIL MEMBERS

23.  The actions of the Defendant Randall amounted to intentional depravation of Mr. Calvin's constitutional rights, invasion of privacy, abuse of power and assault.

24.  The actions of the Defendant Randall were the result of Coleman, Davis, Hammond and Williams' decisions and practices as which tolerate such misconduct and were tantamount to official policies.

24.   Furthermore, these actions were the result of Coleman, Davis, Hammond and Williams' failure in hiring, to train, supervise and retaining said Defendant, Randall. On other occasions, Randall had threatened, harassed and used unlawful force without consequences.   These failures to protect were failures in hiring, retention, instruction and training, control and/or supervise are the results of Randall's decisions as the chief policy and decision maker for the Menifee Police Department as well as the long standing usages, customs, practices and policies of the Menifee Police Department.

25. Gerry Calvin's right to be free from excessive force was well established at the time such that a reasonable officer would be aware of the standard.

26.   These decisions were in derogation of the Gerry Calvin's rights and privileges protected by the 4th and 14th amendments to the U.S. Constitution, federal and state laws, Ark. Const. Art. 2 § 2, Ark. Const. Art. 2 § 6, Ark. Const. Art. 2 § 9, and the Arkansas Civil Rights Act (ACRA), codified at A.C.A. § 16-123-101 et seq.

27.   The Defendants are not entitled to qualified immunity for their actions.

28.   The City of Menifee, as a municipality, is not entitled to qualified immunity and is separately liable for the Menifee Police Department's policies, usages, customs, practices and/or

Randall's decisions as the final decision and policy maker for the Menifee Police Department which have the force and effect of law.

## TORT CLAIMS

29.   The Plaintiff adopts by reference the allegations contained in paragraphs 1 through 28.

30.   The foregoing actions by the Defendants were negligent. The actions fell below the applicable standards of care.   The Defendants failed to properly protect the Gerry Calvin.   The Defendant Randall was not properly trained, supervised or retained.

31.   As a result of the Defendants actions, the Plaintiff was damaged.   Plaintiff's damages were proximately caused by the actions of the Defendants.   To the extent they are covered by insurance, the Defendants have waived sovereign immunity for the negligence claims.

32.   The actions of Defendant Randall were an invasion of privacy.

33.   The action of Defendant Randall amounted to an outrage.

## DECLARATORY RELIEF

34.   Pursuant to Ark. Code Ann. § 16-111-104, part of the Declaratory Judgment Act, and 28 U.S.C.S. § 2201, Plaintiff requests that the Court determine the rights of Gerry Calvin under 42 U.S.C. § 1983, the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, the Arkansas Constitution, and the

Arkansas Civil Rights Act and that the Court declare the following, that under these constitutional provisions, laws and statutes:

> a. Gerry Calvin had the right to be free from threats of death

> b. Gerry Calvin had the right to be free from the threats of arrest;

> c. Defendants are not immune from suit.

35. Plaintiff demands a trial by jury.

36. Plaintiff reserves his right to amend this complaint.

WHEREFORE, Plaintiff respectfully prays that this Court enter a judgment granting a declaratory judgment that the Defendants' acts, policies, and practices complained of herein, violated Plaintiff's rights secured by the due process clause of the Fifth and Fourteenth Amendments and the rights secured by the Eighth Amendment to the United States Constitution; joint and several nominal, compensatory, and punitive damages against the Defendants for Plaintiff, reasonable attorneys' 42 U.S.C. § 1988 fees; and, all other proper and just relief, whether specifically prayed for herein or not.

Respectfully submitted,

**GERRY CALVIN**

/s/ Willard Proctor, Jr.
Willard Proctor, Jr.
Attorney for Plaintiff
2500 South State Street
Little Rock, AR 72206-2162
(501) 378-7720
Arkansas Bar No.:  87136
willard@wpjrlaw.com

THE CIRCUIT COURT OF <u>CONWAY</u>    COUNTY, ARKANSAS

<u>2</u> DIVISION [Civil, Probate, etc.]

<u>GERRY CALVIN</u>

Plaintiff

v.                                                    No. <u>15CU-21-18</u>

<u>JOHN RANDALL, ET AL</u>

Defendant

## SUMMONS

## THE STATE OF ARKANSAS TO DEFENDANT:

<u>RONNIE WILLIAMS</u>          [Defendant's name and address.]

<u>68 N Mustang,</u>

Menifee, AR  72107

A lawsuit has been filed against you.  The relief demanded is stated in the attached complaint.  Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose

name and address are:

<u>Willard Proctor, Jr., 2500 South State, LR, AR  72206 (501)  378-7720</u>

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

IN THE CIRCUIT COURT OF CONWAY COUNTY, ARKANSAS
SECOND DIVISION

**GERRY CALVIN**                                                                **PLAINTIFF**

**V.**                                         **NO. 15-CV-21-18**

**JOHN RANDALL, Individually and in his Official
Capacity as Chief of Police of the City of Menifee;
GARY GREEN, in his Official Capacity as Mayor
of the City of Menifee; TERRY COLEMAN,
Individually and in his Official Capacity;
RITA DAVIS, Individually and in her Official Capacity;
DERRICK HAMMOND, Individually and in his
Official Capacity; RONNIE WILLIAMS, Individually;
and THE CITY OF MENIFEE**                                   **DEFENDANTS**

### SEPARATE DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Separate Defendants, Gary Green, Terry Coleman, Rita Davis, and Derrick Hammond, in

their official capacities, and the City of Menifee, Arkansas, respectfully come before this honorable

Court by and through undersigned counsel, and for their Answer to Plaintiff's Complaint, state:

### Jurisdiction and Venue

1.      Paragraph 1 of Plaintiff's Complaint is jurisdictional in nature and also contains

legal conclusions and, therefore, no response is required; however, should a response be deemed

necessary, Separate Defendants deny same.

2.      Paragraph 2 of Plaintiff's Complaint is jurisdictional in nature and also contains

legal conclusions and, therefore, no response is required; however, should a response be deemed

necessary, Separate Defendants deny same.

1

**Parties**

3.      Separate Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiff's Complaint and, therefore, deny same.

4.      Separate Defendants admit John Randall is the Chief of Police of Menifee and that he held that position at the time of the incident which forms the basis of Plaintiff's Complaint. The remaining allegations contained in paragraph 4 of Plaintiff's Complaint contain legal conclusions and, therefore, no response is required; however, should a response be deemed necessary, Separate Defendants deny same.

5.      Separate Defendants admit Gary Green is the Mayor of Menifee and that he held that position at the time of the incident which forms the basis of Plaintiff's Complaint, as alleged in paragraph 5 of Plaintiff's Complaint.

6.      Separate Defendants admit Menifee is a municipality in the State of Arkansas. Separate Defendants deny each and every remaining allegation contained in paragraph 6 of Plaintiff's Complaint. Separate Defendants specifically deny any and all wrongdoing alleged.

7.      Separate Defendants admit that Terry Coleman was a council member for the City of Menifee at the time of the incident forming the basis of Plaintiff's Complaint as alleged in paragraph 7 of Plaintiff's Complaint.

8.      Separate Defendants admit that Rita Davis was a council member for the City of Menifee at the time of the incident forming the basis of Plaintiff's Complaint as alleged in paragraph 8 of Plaintiff's Complaint.

9.     Separate Defendants admit that Derrick Hammond was a council member for the City of Menifee at the time of the incident forming the basis of Plaintiff's Complaint as alleged in paragraph 9 of Plaintiff's Complaint.

10.    Separate Defendants admit that Ronnie Williams was a council member for the City of Menifee at the time of the incident forming the basis of Plaintiff's Complaint as alleged in paragraph 10 of Plaintiff's Complaint.

### Factual Allegations

11.    Paragraph 11 of Plaintiff's Complaint contains a legal conclusion and, therefore, no response is required; however, should a response be deemed necessary, Separate Defendants deny same.

12.    In response to paragraph 12 of Plaintiff's Complaint, upon information and belief, Separate Defendants admit the Plaintiff was at property he owned at the alleged address; however, Separate Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that the structure on the property was Plaintiff's home.

13.    Separate Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of Plaintiff's Complaint and, therefore, deny same.

14.    Separate Defendants admit the first and second sentences of paragraph 14 of Plaintiff's Complaint. Separate Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation of photos being taken and, therefore, deny same. Separate Defendant admits that John Randall identified himself to a city council member as being present at the scene of the incident forming the basis of Plaintiff's Complaint.

3

15.     Separate Defendants admit Plaintiff went outside to the north of his house and there was a vehicle there. Separate Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 of Plaintiff's Complaint and, therefore, deny same.

16.     Separate Defendants admit Plaintiff approached a vehicle and that the vehicle was moving at one point. Separate Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph number 16 of Plaintiff's Complaint and, therefore, deny same.

17.     Separate Defendants admit Chief Randall was placed on administrative leave until January 15, 2021, and that Mayor Green recommended Chief Randall be terminated. Separate Defendants deny each and every remaining material allegation contained in paragraph 17 of Plaintiff's Complaint. Separate Defendants specifically deny any and all wrongdoing alleged.

**Federal Civil Rights Violations Under 42 USC § 1983, State Civil Rights Violations Under the Arkansas Civil Rights Act and the Arkansas Constitution**

18.     Separate Defendants reaffirm and reiterate each and every response to paragraphs 1 through 17 in response to paragraph 18 of Plaintiff's Complaint.

**Federal Claims: Chief John Randall**

19.     Separate Defendants deny each and every material allegation contained in paragraph 19 of Plaintiff's Complaint. Separate Defendants specifically deny any and all wrongdoing alleged.

20.     Separate Defendants deny each and every material allegation contained in paragraph 20 of Plaintiff's Complaint. Separate Defendants specifically deny any and all wrongdoing alleged.

### State Claims: Chief John Randall

21.    Separate Defendants assert the cited provisions of the Arkansas Constitution and Arkansas Civil Rights Act speak for themselves, therefore no response is required. Separate Defendants deny each and every remaining material allegation contained in paragraph 21 of Plaintiff's Complaint. Separate Defendants specifically deny any and all wrongdoing alleged.

22.    Separate Defendants deny each and every material allegation contained in paragraph 22 of Plaintiff's Complaint, including sections a-b. Separate Defendants specifically deny any and all wrongdoing alleged.

### Supervisory Claims: Mayor Gary Green and Menifee Council Members

23.    Separate Defendants deny each and every material allegation contained in paragraph 23 of Plaintiff's Complaint. Separate Defendants specifically deny any and all wrongdoing alleged.

24.    Separate Defendants deny each and every material allegation contained in both the first and second paragraph 24 of Plaintiff's Complaint. Separate Defendants specifically deny any and all wrongdoing alleged.

25.    Paragraph 25 of Plaintiff's Complaint contains a legal conclusion and, therefore, no response is required; however, should a response be deemed necessary, Separate Defendants deny same.

26.    Separate Defendants deny each and every material allegation contained in paragraph 26 of Plaintiff's Complaint. Separate Defendants specifically deny any and all wrongdoing alleged.

27.    Separate Defendants deny each and every material allegation contained in paragraph 27 of Plaintiff's Complaint. Separate Defendants specifically deny any and all wrongdoing alleged.

28.    Separate Defendants deny each and every material allegation contained in paragraph 28 of Plaintiff's Complaint. Separate Defendants specifically deny any and all wrongdoing alleged.

## Tort Claims

29.    Separate Defendants reaffirm and reiterate each and every response to paragraphs 1 through 28 in response to paragraph 29 of Plaintiff's Complaint.

30.    Separate Defendants deny each and every material allegation contained in paragraph 30 of Plaintiff's Complaint. Separate Defendants specifically deny any and all wrongdoing alleged.

31.    Separate Defendants deny each and every material allegation contained in paragraph 31 of Plaintiff's Complaint. Separate Defendants specifically deny any and all wrongdoing alleged.

32.    Separate Defendants deny each and every material allegation contained in paragraph 32 of Plaintiff's Complaint. Separate Defendants specifically deny any and all wrongdoing alleged.

33.    Separate Defendants deny each and every material allegation contained in paragraph 33 of Plaintiff's Complaint. Separate Defendants specifically deny any and all wrongdoing alleged.

## **Declaratory Relief**

34.     Separate Defendants deny each and every material allegation contained in paragraph 34 of Plaintiff's Complaint, including sections a-c. Separate Defendants specifically deny any and all wrongdoing alleged and deny that Plaintiff is entitled to any relief whatsoever.

35.     Paragraph 35 of Plaintiff's Complaint requests a trial by jury. Separate Defendants also request a trial by jury on any material issues of fact remaining at the time of trial.

36.     Paragraph 36 of Plaintiff's Complaint contains a legal conclusion and, therefore, no response is required; however, should a response be necessary, Separate Defendants deny same.

37.     Separate Defendants deny each and every material allegation contained in the unnumbered prayer clause of Plaintiff's Complaint. Separate Defendants specifically deny any and all wrongdoing alleged and further deny that Plaintiff is entitled to any relief whatsoever.

38.     Separate Defendants deny each and every material allegation not specifically admitted herein.

## **AFFIRMATIVE DEFENSES**

1.     The allegations of the Complaint fail to state a claim upon which relief may be granted. The Complaint should therefore be dismissed pursuant to Ark. R. Civ. P. 12(b)(6).

2.     Separate Defendants deny that any constitutional or statutory violation occurred.

3.     The City denies that any constitutional or statutory violation occurred as the result of a custom, policy or practice of the City of Menifee.

4.     Separate Defendants are entitled to statutory immunity pursuant to Ark. Code Ann. § 21-9-301.

5.     Separate Defendant City of Menifee is entitled to tort and punitive damages immunity.

6.    After a reasonable time to complete discovery and further investigate Plaintiffs' claims, Defendants may seek leave of Court to plead affirmative additional defenses upon the discovery or new or additional information.

Respectfully submitted,

Gary Green, Terry Coleman, Rita Davis, and Derrick Hammond, in their official capacities, and the City of Menifee, Arkansas
**SEPARATE DEFENDANTS**

BY:    _William C. Mann III_
William C. Mann, III, AR Bar No. 79199
Attorney for Separate Defendants
P.O. Box 38
North Little Rock, AR 72115
TELEPHONE: 501-978-6131
EMAIL: bmann@arml.org

### CERTIFICATE OF SERVICE

I, William C. Mann, III, hereby certify that on March 23, 2021, that a true and correct copy of the above and foregoing has been served upon the attorney of record as referenced below, via first class mail and e-mail:

Willard Proctor, Jr.
Attorney at Law
2500 South State Street
Little Rock, AR 72206-2162
willard@wpjrlaw.com

David Fuqua
Fuqua Campbell PA
Riviera Tower
3700 Cantrell Road, Suite 205
Little Rock, AR 72202
dfuqua@fc-lawyers.com

_William C. Mann, III_
William C. Mann, III, AR Bar No. 79199

IN THE CIRCUIT COURT OF CONWAY COUNTY, ARKANSAS
SECOND DIVISION

**GERRY CALVIN**                                                                              **PLAINTIFF**

**V.**                                          **NO. 15-CV-21-18**

**JOHN RANDALL, Individually and in his Official
Capacity as Chief of Police of the City of Menifee;
GARY GREEN, in his Official Capacity as Mayor
of the City of Menifee; TERRY COLEMAN,
Individually and in his Official Capacity;
RITA DAVIS, Individually and in her Official Capacity;
DERRICK HAMMOND, Individually and in his
Official Capacity; RONNIE WILLIAMS, Individually;
and THE CITY OF MENIFEE**                                                       **DEFENDANTS**

## MOTION TO STAY PROCEEDINGS IN STATE COURT

Separate Defendants, Gary Green, Terry Coleman, Rita Davis, and Derrick Hammond, in their official capacities, and the City of Menifee, Arkansas, respectfully come before this honorable Court by and through undersigned counsel, and for their Motion to Stay Proceedings in State Court, state:

1. Plaintiff filed his Complaint on January 29, 2021, and served Defendants on February 22, 2021. Plaintiff's Complaint alleges federal claims pursuant to 42 US.C. § 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, as well as violations of the Arkansas Constitution and Arkansas law. As this lawsuit involves a federal question, Separate Defendants are permitted to remove this case to federal court, and have chosen to do so. In light of the removal, Separate Defendants request this Court hold all actions in this case in abeyance until the federal case has been adjudicated.

1

**WHEREFORE**, Separate Defendants respectfully request that the Court to grant this motion, and for all other just and proper relief to which they may be entitled.

Respectfully submitted,

Gary Green, Terry Coleman, Rita Davis, and
Derrick Hammond, in their official
capacities, and the City of Menifee, Arkansas
**SEPARATE DEFENDANTS**

BY:      *William C. Mann, III*

> William C. Mann, III, AR Bar No. 79199
> Attorney for Separate Defendants
> P.O. Box 38
> North Little Rock, AR 72115
> TELEPHONE: 501-978-6131
> EMAIL: bmann@arml.org

### CERTIFICATE OF SERVICE

I, William C. Mann, III, hereby certify that on March 23, 2021, that a true and correct copy of the above and foregoing has been served upon the attorney of record as referenced below, via first class mail and e-mail:

Willard Proctor, Jr.
Attorney at Law
2500 South State Street
Little Rock, AR 72206-2162
willard@wpjrlaw.com

David Fuqua
Fuqua Campbell PA
Riviera Tower
3700 Cantrell Road, Suite 205
Little Rock, AR 72202
dfuqua@fc-lawyers.com

*William C. Mann, III*

William C. Mann, III, AR Bar No. 79199

**IN THE CIRCUIT COURT OF CONWAY COUNTY, ARKANSAS**
**SECOND DIVISION**

**GERRY CALVIN**                                                                    **PLAINTIFF**


**V.**                                          **NO. 15-CV-21-18**


**JOHN RANDALL, Individually and in his Official**
**Capacity as Chief of Police of the City of Menifee;**
**GARY GREEN, in his Official Capacity as Mayor**
**of the City of Menifee; TERRY COLEMAN,**
**Individually and in his Official Capacity;**
**RITA DAVIS, Individually and in her Official Capacity;**
**DERRICK HAMMOND, Individually and in his**
**Official Capacity; RONNIE WILLIAMS, Individually;**
**and THE CITY OF MENIFEE**                                              **DEFENDANTS**


<u>**SEPARATE DEFENDANTS' NOTICE OF PARTIES**</u>
<u>**AND STATE COURT OF REMOVAL**</u>

Come the Separate Defendants, Gary Green, Terry Coleman, Rita Davis, and Derrick Hammond, in their official capacities, and the City of Menifee, Arkansas, by and through undersigned counsel, and for their Notice of Parties and State Court of Removal, state:

In accordance with 28 U.S.C. §§1441(a) and 1446(d), Separate Defendants hereby give notice that the above styled and numbered cause has been removed to the United States District Court for the Eastern District of Arkansas, Central Division. A true and correct copy of the Notice of Removal to be filed with the Clerk of said Court is attached hereto as Exhibit "A" and incorporated herein by reference.

**DATED** this 23rd day of March, 2021.

Respectfully submitted,

Gary Green, Terry Coleman, Rita Davis, and
Derrick Hammond, in their official
capacities, and the City of Menifee,
Arkansas
**SEPARATE DEFENDANTS**

BY:    _William C. Mann III_
William C. Mann, III, AR Bar No. 79199
Attorney for Separate Defendants
P.O. Box 38
North Little Rock, AR 72115
TELEPHONE: 501-978-6131
EMAIL: bmann@arml.org

## CERTIFICATE OF SERVICE

I, William C. Mann, III, hereby certify that on March 23, 2021, that a true and correct copy
of the above and foregoing has been served upon the attorney of record as referenced below, via
first class mail and e-mail:

Willard Proctor, Jr.
Attorney at Law
2500 South State Street
Little Rock, AR 72206-2162
willard@wpjrlaw.com

David Fuqua
Fuqua Campbell PA
Riviera Tower
3700 Cantrell Road, Suite 205
Little Rock, AR 72202
dfuqua@fc-lawyers.com

_William C. Mann III_
William C. Mann, III, AR Bar No. 79199

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**GERRY CALVIN**                                                                              **PLAINTIFF**

**V.**                          **NO. _____**

**JOHN RANDALL, Individually and in his Official
Capacity as Chief of Police of the City of Menifee;
GARY GREEN, in his Official Capacity as Mayor
of the City of Menifee; TERRY COLEMAN,
Individually and in his Official Capacity;
RITA DAVIS, Individually and in her Official Capacity;
DERRICK HAMMOND, Individually and in his
Official Capacity; RONNIE WILLIAMS, Individually;
and THE CITY OF MENIFEE**                                        **DEFENDANTS**

## SEPARATE DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Separate Defendants, Gary Green, Terry Coleman, Rita Davis, and Derrick Hammond, in

their official capacities, and the City of Menifee, Arkansas, respectfully come before this honorable

Court by and through undersigned counsel, and for their Answer to Plaintiff's Complaint, state:

### Jurisdiction and Venue

1.       Paragraph 1 of Plaintiff's Complaint is jurisdictional in nature and also contains

legal conclusions and, therefore, no response is required; however, should a response be deemed

necessary, Separate Defendants deny same.

2.       Paragraph 2 of Plaintiff's Complaint is jurisdictional in nature and also contains

legal conclusions and, therefore, no response is required; however, should a response be deemed

necessary, Separate Defendants deny same.



EXHIBIT
B

## Parties

3.      Separate Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiff's Complaint and, therefore, deny same.

4.      Separate Defendants admit John Randall is the Chief of Police of Menifee and that he held that position at the time of the incident which forms the basis of Plaintiff's Complaint. The remaining allegations contained in paragraph 4 of Plaintiff's Complaint contain legal conclusions and, therefore, no response is required; however, should a response be deemed necessary, Separate Defendants deny same.

5.      Separate Defendants admit Gary Green is the Mayor of Menifee and that he held that position at the time of the incident which forms the basis of Plaintiff's Complaint, as alleged in paragraph 5 of Plaintiff's Complaint.

6.      Separate Defendants admit Menifee is a municipality in the State of Arkansas. Separate Defendants deny each and every remaining allegation contained in paragraph 6 of Plaintiff's Complaint. Separate Defendants specifically deny any and all wrongdoing alleged.

7.      Separate Defendants admit that Terry Coleman was a council member for the City of Menifee at the time of the incident forming the basis of Plaintiff's Complaint as alleged in paragraph 7 of Plaintiff's Complaint.

8.      Separate Defendants admit that Rita Davis was a council member for the City of Menifee at the time of the incident forming the basis of Plaintiff's Complaint as alleged in paragraph 8 of Plaintiff's Complaint.

9.      Separate Defendants admit that Derrick Hammond was a council member for the City of Menifee at the time of the incident forming the basis of Plaintiff's Complaint as alleged in paragraph 9 of Plaintiff's Complaint.

10.      Separate Defendants admit that Ronnie Williams was a council member for the City of Menifee at the time of the incident forming the basis of Plaintiff's Complaint as alleged in paragraph 10 of Plaintiff's Complaint.

**Factual Allegations**

11.      Paragraph 11 of Plaintiff's Complaint contains a legal conclusion and, therefore, no response is required; however, should a response be deemed necessary, Separate Defendants deny same.

12.      In response to paragraph 12 of Plaintiff's Complaint, upon information and belief, Separate Defendants admit the Plaintiff was at property he owned at the alleged address; however, Separate Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that the structure on the property was Plaintiff's home.

13.      Separate Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of Plaintiff's Complaint and, therefore, deny same.

14.      Separate Defendants admit the first and second sentences of paragraph 14 of Plaintiff's Complaint. Separate Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation of photos being taken and, therefore, deny same. Separate Defendant admits that John Randall identified himself to a city council member as being present at the scene of the incident forming the basis of Plaintiff's Complaint.

15.     Separate Defendants admit Plaintiff went outside to the north of his house and there was a vehicle there. Separate Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 of Plaintiff's Complaint and, therefore, deny same.

16.     Separate Defendants admit Plaintiff approached a vehicle and that the vehicle was moving at one point. Separate Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph number 16 of Plaintiff's Complaint and, therefore, deny same.

17.     Separate Defendants admit Chief Randall was placed on administrative leave until January 15, 2021, and that Mayor Green recommended Chief Randall be terminated. Separate Defendants deny each and every remaining material allegation contained in paragraph 17 of Plaintiff's Complaint. Separate Defendants specifically deny any and all wrongdoing alleged.

**Federal Civil Rights Violations Under 42 USC § 1983, State Civil Rights Violations Under the Arkansas Civil Rights Act and the Arkansas Constitution**

18.     Separate Defendants reaffirm and reiterate each and every response to paragraphs 1 through 17 in response to paragraph 18 of Plaintiff's Complaint.

**Federal Claims: Chief John Randall**

19.     Separate Defendants deny each and every material allegation contained in paragraph 19 of Plaintiff's Complaint. Separate Defendants specifically deny any and all wrongdoing alleged.

20.     Separate Defendants deny each and every material allegation contained in paragraph 20 of Plaintiff's Complaint. Separate Defendants specifically deny any and all wrongdoing alleged.

### State Claims: Chief John Randall

21.     Separate Defendants assert the cited provisions of the Arkansas Constitution and Arkansas Civil Rights Act speak for themselves, therefore no response is required. Separate Defendants deny each and every remaining material allegation contained in paragraph 21 of Plaintiff's Complaint. Separate Defendants specifically deny any and all wrongdoing alleged.

22.     Separate Defendants deny each and every material allegation contained in paragraph 22 of Plaintiff's Complaint, including sections a-b. Separate Defendants specifically deny any and all wrongdoing alleged.

### Supervisory Claims: Mayor Gary Green and Menifee Council Members

23.     Separate Defendants deny each and every material allegation contained in paragraph 23 of Plaintiff's Complaint. Separate Defendants specifically deny any and all wrongdoing alleged.

24.     Separate Defendants deny each and every material allegation contained in both the first and second paragraph 24 of Plaintiff's Complaint. Separate Defendants specifically deny any and all wrongdoing alleged.

25.     Paragraph 25 of Plaintiff's Complaint contains a legal conclusion and, therefore, no response is required; however, should a response be deemed necessary, Separate Defendants deny same.

26.     Separate Defendants deny each and every material allegation contained in paragraph 26 of Plaintiff's Complaint. Separate Defendants specifically deny any and all wrongdoing alleged.

5

27.     Separate Defendants deny each and every material allegation contained in paragraph 27 of Plaintiff's Complaint. Separate Defendants specifically deny any and all wrongdoing alleged.

28.     Separate Defendants deny each and every material allegation contained in paragraph 28 of Plaintiff's Complaint. Separate Defendants specifically deny any and all wrongdoing alleged.

### Tort Claims

29.     Separate Defendants reaffirm and reiterate each and every response to paragraphs 1 through 28 in response to paragraph 29 of Plaintiff's Complaint.

30.     Separate Defendants deny each and every material allegation contained in paragraph 30 of Plaintiff's Complaint. Separate Defendants specifically deny any and all wrongdoing alleged.

31.     Separate Defendants deny each and every material allegation contained in paragraph 31 of Plaintiff's Complaint. Separate Defendants specifically deny any and all wrongdoing alleged.

32.     Separate Defendants deny each and every material allegation contained in paragraph 32 of Plaintiff's Complaint. Separate Defendants specifically deny any and all wrongdoing alleged.

33.     Separate Defendants deny each and every material allegation contained in paragraph 33 of Plaintiff's Complaint. Separate Defendants specifically deny any and all wrongdoing alleged.

## Declaratory Relief

34.     Separate Defendants deny each and every material allegation contained in paragraph 34 of Plaintiff's Complaint, including sections a-c. Separate Defendants specifically deny any and all wrongdoing alleged and deny that Plaintiff is entitled to any relief whatsoever.

35.     Paragraph 35 of Plaintiff's Complaint requests a trial by jury. Separate Defendants also request a trial by jury on any material issues of fact remaining at the time of trial.

36.     Paragraph 36 of Plaintiff's Complaint contains a legal conclusion and, therefore, no response is required; however, should a response be necessary, Separate Defendants deny same.

37.     Separate Defendants deny each and every material allegation contained in the unnumbered prayer clause of Plaintiff's Complaint. Separate Defendants specifically deny any and all wrongdoing alleged and further deny that Plaintiff is entitled to any relief whatsoever.

38.     Separate Defendants deny each and every material allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1.     The allegations of the Complaint fail to state a claim upon which relief may be granted. The Complaint should therefore be dismissed pursuant to Ark. R. Civ. P. 12(b)(6).

2.     Separate Defendants deny that any constitutional or statutory violation occurred.

3.     The City denies that any constitutional or statutory violation occurred as the result of a custom, policy or practice of the City of Menifee.

4.     Separate Defendants are entitled to statutory immunity pursuant to Ark. Code Ann. § 21-9-301.

5.     Separate Defendant City of Menifee is entitled to tort and punitive damages immunity.

7

6.   After a reasonable time to complete discovery and further investigate Plaintiffs' claims, Defendants may seek leave of Court to plead affirmative additional defenses upon the discovery or new or additional information.

Respectfully submitted,

Gary Green, Terry Coleman, Rita Davis, and
Derrick Hammond, in their official
capacities, and the City of Menifee, Arkansas
**SEPARATE DEFENDANTS**

BY:   _William C. Mann III_
William C. Mann, III, AR Bar No. 79199
Attorney for Separate Defendants
P.O. Box 38
North Little Rock, AR 72115
TELEPHONE: 501-978-6131
EMAIL: bmann@arml.org

## CERTIFICATE OF SERVICE

I, William C. Mann, III, hereby certify that on March 23, 2021, that a true and correct copy of the above and foregoing has been served upon the attorney of record as referenced below, via first class mail and e-mail:

Willard Proctor, Jr.
Attorney at Law
2500 South State Street
Little Rock, AR 72206-2162
willard@wpjrlaw.com

David Fuqua
Fuqua Campbell PA
Riviera Tower
3700 Cantrell Road, Suite 205
Little Rock, AR 72202
dfuqua@fc-lawyers.com

_William C. Mann III_
William C. Mann, III, AR Bar No. 79199