FILED
2021 JAN 29 AM 11:11
MASSINGILL
CONWAY COUNTY
CIRCUIT CLERK
D.C.

IN THE CIRCUIT COURT OF CONWAY COUNTY, ARKANSAS
CIVIL DIVISION, 2 DIVISION

GERRY CALVIN PLAINTIFF

VS. CASE NO.: 15CV-21-18

JOHN RANDALL, INDIVIDUALLY AND IN HIS OFFICE CAPACITY AS CHIEF OF POLICE OF THE CITY OF MENIFEE; GARY GREEN, IN HIS OFFICIAL CAPACITY AS MAYOR OF THE CITY OF MENIFEE; TERRY COLEMAN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, RITA DAVIS, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY DERRICK HAMMOND, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AND RONNIE WILLIAMS, INDIVIDUALLY AND THE CITY OF MENIFEE DEFENDANTS

**COMPLAINT**

COMES NOW the plaintiff, Gerry Calvin, by and through undersigned counsel, and for his Complaint against the Defendants, hereby alleges and states as follows:

**JURISDICTION AND VENUE**

1. This is an action in tort and for violations of Federal and State Constitutional Rights. Relief is pursuant to 42 U.S.C. § 1983 and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and the Arkansas Constitution Article II, Section II and the Arkansas Civil Rights Acts, codified at Ark. Code Ann. § 16-123-105, and common law tort of negligence and assault. Jurisdiction and venue is proper in this Court as the cause of action arose Conway County, Arkansas.



2. This is also an action seeking declaratory relief pursuant to Ark. Code Ann. § 16-111-104, part of the Declaratory Judgment Act, and 28 U.S.C.S. § 2201 to declare the rights and other relations between the parties and for damages.

**PARTIES**

3. The Plaintiff, Gerry Calvin, during all times mentioned, and continuing up to the present date is a citizen of the United States, and was at all times relevant to this Complaint, a resident of the City of Plummer, County of Conway, and State of Arkansas.

4. At all relevant times, defendant John Randall (hereinafter referred to as "Randall" or "Chief Randall" was the legally constituted Chief of Police of Menifee, Arkansas and functioned in that capacity at all times relevant hereto.

5. At all relevant times pertinent, Defendant Gary Green was the Mayor of the City of Menifee.

6. The City of Menifee is a political subdivision of the State of Arkansas under the name of which the individual defendants performed all acts and omissions alleged herein.

7. At all relevant times pertinent, Defendant Terry Coleman was a Council Member of the City of Menifee.

8. At all relevant times pertinent, Defendant Rita Davis was a Council Member of the City of Menifee.

9. At all relevant times pertinent, Defendant Derrick Hammond was a Council Member of the City of Menifee.

10. At all relevant times pertinent, Defendant Ronnie Williams was a Council Member of the City of Menifee.

**FACTUAL ALLEGATIONS**

11. At all times and places alleged herein the individual Defendants and each of them, were acting as agents of the Defendant, the City of Menifee.

12. On November 21, 2021 at approximately 8:45 p.m., Gerry Calvin was at home at his property located at 59 Cadron Creek Road, Plummerville, Arkansas.

13. Mr. Calvin was hosting a Sweet Sixteen Birthday party for his cousin. Some of the children at the party noticed and were frightened by an unidentified vehicle lurking around the party.

14. Gerry Calvin looked at his surveillance cameras and noticed a black truck coming through the gates on his property. The vehicle came in front his house. The occupant of the vehicle later identified as Chief John Randall was taking pictures of the house.

15. After seeing two flashes, Mr. Calvin went outside to see what has happening. When he went to the north side of his house, he saw a car. There was an individual getting back inside the car.

16. Mr. Calvin asked the individual what he was doing. Chief Randall got back in his car and drove the car towards Mr. Calvin.

Chief Randall almost hit Mr. Calvin. Chief Randall then responded, "Do you want a bullet in your head?" He said this three (3) times. Chief Randall pulled his gun out so that it was visible. Without any probable cause, Chief Randall threatened to take Mr. Calvin to jail.

17. Chief Randall was placed on Administrative leave until January 15, 2021. Mayor Gary Green recommended that Chief Randall be terminated. However, the Defendants, Council Members of the City of Menifee, voted to reinstate Chief Randall.

**FEDERAL CIVIL RIGHTS VIOLATIONS UNDER 42 USC § 1983, STATE CIVIL RIGHTS VIOLATIONS UNDER THE ARKANSAS CIVIL RIGHTS ACT AND THE ARKANSAS CONSTITUTION**

18. The Plaintiff adopts by reference the allegations contained in paragraphs 1 through 31 above.

**FEDERAL CLAIMS: CHIEF JOHN RANDALL**

19. The above recited acts and omissions of Defendants, while each was acting under color of authority and in their individual and official capacities, respectively constitute a deprivation of the Gerry Calvin's substantive due process rights as guaranteed by the 14th Amendment to the United States Constitution. Such acts of Defendants while acting within the color of their authority are sufficient to invoke an action under 42 U.S.C. § 1983 against them for which the Plaintiff seeks damages as set forth herein above.

20. Defendant John Randall caused harm by engaging in conduct and failing to engage in conduct that included, but was not limited to:

a. Threatening to kill Gerry Calvin;

b. Putting Gerry Calvin in fear and apprehension that he would be hit by the vehicle Randall was driving;

c. Threatening to detain and handcuff Gerry Calvin without probable cause or any bases of arrest;

**STATE CLAIMS: CHIEF JOHN RANDALL**

21. The above recited acts and omissions of Defendant Chief John Randall, while each was acting under color of authority and in their individual and official capacities, respectively constitute a deprivation of the Gerry Calvin's rights under Ark. Const. Art. 2 § 2 which provides that: "All men are created equally free and independent, and have certain inherent and inalienable rights; amongst which are those of enjoying and defending life and liberty; of acquiring, possessing and protecting property, and reputation; and of pursuing their own happiness" and the Arkansas Civil Rights Act which is codified at Ark. Code Ann. § 16-123-105 which provides that "every person who, under color of any statute, ordinance, regulation, custom, or usage of this state or any of its political subdivisions subjects, or causes to be subjected, any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities

secured by the Arkansas Constitution shall be liable to the party injured in an action in circuit court for legal and equitable relief or other proper redress."

22. The Defendant Randall, knew, or ought to have known, in the light of the surrounding circumstances, that his conduct would naturally or probably result in injury and continued such conduct in the reckless disregard of the consequences from which malice can be inferred. The Defendant, Randall was consciously indifferent to the consequences of his actions and he recklessly disregarded those same consequences. This was evident by the following:

a. The Defendant knew or should have known that Mr. Calvin had a right to be free from the use of excessive force;

b. The Defendants knew or should have known that a right to the quiet use and enjoyment of his property.

**SUPERVISORY CLAIMS: MAYOR GARY GREEN AND MENIFEE COUNCIL MEMBERS**

23. The actions of the Defendant Randall amounted to intentional depravation of Mr. Calvin's constitutional rights, invasion of privacy, abuse of power and assault.

24. The actions of the Defendant Randall were the result of Coleman, Davis, Hammond and Williams' decisions and practices as which tolerate such misconduct and were tantamount to official policies.

24. Furthermore, these actions were the result of Coleman, Davis, Hammond and Williams' failure in hiring, to train, supervise and retaining said Defendant, Randall. On other occasions, Randall had threatened, harassed and used unlawful force without consequences. These failures to protect were failures in hiring, retention, instruction and training, control and/or supervise are the results of Randall's decisions as the chief policy and decision maker for the Menifee Police Department as well as the long standing usages, customs, practices and policies of the Menifee Police Department.

25. Gerry Calvin's right to be free from excessive force was well established at the time such that a reasonable officer would be aware of the standard.

26. These decisions were in derogation of the Gerry Calvin's rights and privileges protected by the 4th and 14th amendments to the U.S. Constitution, federal and state laws, Ark. Const. Art. 2 § 2, Ark. Const. Art. 2 § 6, Ark. Const. Art. 2 § 9, and the Arkansas Civil Rights Act (ACRA), codified at A.C.A. § 16-123-101 et seq.

27. The Defendants are not entitled to qualified immunity for their actions.

28. The City of Menifee, as a municipality, is not entitled to qualified immunity and is separately liable for the Menifee Police Department's policies, usages, customs, practices and/or

Randall's decisions as the final decision and policy maker for the Menifee Police Department which have the force and effect of law.

**TORT CLAIMS**

29. The Plaintiff adopts by reference the allegations contained in paragraphs 1 through 28.

30. The foregoing actions by the Defendants were negligent. The actions fell below the applicable standards of care. The Defendants failed to properly protect the Gerry Calvin. The Defendant Randall was not properly trained, supervised or retained.

31. As a result of the Defendants actions, the Plaintiff was damaged. Plaintiff's damages were proximately caused by the actions of the Defendants. To the extent they are covered by insurance, the Defendants have waived sovereign immunity for the negligence claims.

32. The actions of Defendant Randall were an invasion of privacy.

33. The action of Defendant Randall amounted to an outrage.

**DECLARATORY RELIEF**

34. Pursuant to Ark. Code Ann. § 16-111-104, part of the Declaratory Judgment Act, and 28 U.S.C.S. § 2201, Plaintiff requests that the Court determine the rights of Gerry Calvin under 42 U.S.C. § 1983, the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, the Arkansas Constitution, and the

Arkansas Civil Rights Act and that the Court declare the following, that under these constitutional provisions, laws and statutes:

a. Gerry Calvin had the right to be free from threats of death

b. Gerry Calvin had the right to be free from the threats of arrest;

c. Defendants are not immune from suit.

35. Plaintiff demands a trial by jury.

36. Plaintiff reserves his right to amend this complaint.

WHEREFORE, Plaintiff respectfully prays that this Court enter a judgment granting a declaratory judgment that the Defendants' acts, policies, and practices complained of herein, violated Plaintiff's rights secured by the due process clause of the Fifth and Fourteenth Amendments and the rights secured by the Eighth Amendment to the United States Constitution; joint and several nominal, compensatory, and punitive damages against the Defendants for Plaintiff, reasonable attorneys' 42 U.S.C. § 1988 fees; and, all other proper and just relief, whether specifically prayed for herein or not.

Respectfully submitted,

**GERRY CALVIN**

/s/ Willard Proctor, Jr.

Willard Proctor, Jr.
Attorney for Plaintiff
2500 South State Street
Little Rock, AR 72206-2162
(501) 378-7720
Arkansas Bar No.: 87136
willard@wpjrlaw.com